IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Johnathan Lacy | ) | |
|     *Plaintiff,* | ) | |
| | ) | |
|     -vs- | ) | No. 16-cv-____ |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | *(jury demand)* |
| | ) | |
|     *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, re-files previously dismissed allegations in 14-cv-6259, and alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). The jurisdiction of this Court is conferred by 28 U.S.C. § 12133 and 29 U.S.C. § 794a(a)(2).

2. Plaintiff Johnathan Lacy, at all times relevant, was a wheelchair using detainee at the Cook County Jail.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only on plaintiff's claims under the ADA and the Rehabilitation Act.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommo-

dating the needs of disabled prisoners at the Cook County Jail and is a necessary party pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003).

5. Defendants have received federal funds since at least 2003.

6. Plaintiff entered the Jail as a pre-trial detainee in May of 2014 and remained there until September of 2014.

7. During the intake process into the Jail, medical personnel recognized that plaintiff required a wheelchair to engage in the everyday life activity of moving from place to place and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities.

8. Defendants provided plaintiff with a wheelchair but failed to assign plaintiff to a housing unit capable of accommodating his disabilities.

9. At all times on and after the date plaintiff entered the Jail, defendants knew that the Jail did not have sufficient capability to accommodate each detainee who required a wheelchair and provide that detainee with access to toilets, showers, beds, and facilities in the common areas of the housing units.

10. Notwithstanding the foregoing, defendants continued to accept into the Jail wheelchair-using detainees, even when defendants knew that the result would be the denial of rights secured by the ADA and the Rehabilitation Act.

11. As a result of the foregoing, plaintiff was unable to use the jail's toilets, showers, beds, or common area facilities on the same basis as other detainees.

12. For example, in June 2014, and for about eight days thereafter, plaintiff was assigned to a cell in the Cermak Infirmary at the Cook County Jail which did not have facilities required to accommodate a wheelchair using prisoner.

13. While confined in the above referenced cell, plaintiff was required to sleep on the floor and did not have access to toilet and sink facilities as defendant Sheriff and Cook County made available to non-wheelchair using prisoners.

14. Confinement in the above referred cell caused plaintiff to experience tremendous hardship in performing activities of daily living.

15. After Lacy had been subjected to about eight days of confinement in the above described unlawful conditions, correctional officers sought to place plaintiff in a different cell in the Cerrmak Infirmary. This cell likewise failed to provide adequate toilet and sink facilities.

16. Plaintiff Lacy complained about being transferred to another inaccessible cell. Notwithstanding plaintiff's complaints, Sheriff's employees named Johnson, Nawara, Lopez, and Wilson used force to place plaintiff into the inaccessible cell.

17. The above-described deliberate indifference caused plaintiff to be deprived of rights secured by the ADA and the Rehabilitation Act and to incur physical injuries.

18. Plaintiff seeks this Honorable Court to order that this case may be maintained as a class on behalf of:

> All former and current wheelchair using inmates at the Cook County Jail who after March 14, 2014 were subject to discrimination in their housing unit because of their disability in violation of § 202 of the Americans with Disabilities Act and § 504 of the Rehabilitation Act.

19. The proposed class satisfies each requirement of Rule 23(a): the members of the proposed class are so numerous that joinder of all members in impractical; as set out above, question of law and fact are common to the proposed class; the claims of the named plaintiff is typical of the claims of the class; and the named plaintiff and counsel can adequately represent the interests of the proposed class and prosecute this action.

20. Plaintiff seeks, for the class, damages under Rule 23(b)(3).

It is therefore respectfully requested that the Court allow this case to proceed as a class action and that the Court grant damages. Plaintiff also requests that the Court grant whatsoever other relief as may be appropriate, including an award of fees and costs.

/s/ <u>Patrick W. Morrissey</u>
Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S Western Ave. Ste Rear
Chicago, IL. 60643
(773) 233-7900
*Attorney for Plaintiff*